## CARMEN GUIRADO De JOHNSON, and others, Respondents, v. JOSE DIEGO SEPULBEDA, Appellant.

Every intendment must be in favor of a decision of the Court below, and a cause will not be reversed upon an error of law, unless it appears from the statement or pleadings in the case, that the party complaining is injured by such error.

The object of a statement as provided by our statutes is to make that record which before was not record, and which rests only in the recollection of the Courts, or Counsel, or the minutes of the Clerk.

It is not necessary to embody matter of record in a bill of exceptions.

An Appeal can be heard upon a bill of exceptions taken at the trial, if signed by the Judge.

Two or more of several co-tenants cannot join in an action of ejectment.

APPEAL from the District Court of the First Judicial District, County of Los Angeles.

This was an action of ejectment for an undivided estate, brought by the plaintiffs, as the widow, and the heirs at law of Santiago Johnson, deceased. It appears from the complaint that the plaintiffs are tenants in common with other co-tenants not made parties. At the trial the jury returned a verdict for the plaintiffs, in accordance with the proof adduced. Defendant moved for a new trial, which was refused by the Court, and from the final judgment entered in this action defendant appealed.

*Hartman & Norton* and *H. S. Love*, for Appellant.

1. Plaintiffs took the estate as tenants in common. They claim to be *seized* of the premises, and claim a *right* of property and not a mere right of *possession*. Their freeholds are several, and not joint. The widow claims an undivided half of an undivided fifth, and the heirs claim the residue. Their claim being in *severalty*, they cannot maintain a joint action of ejectment. Adams on Eject., 186, 187. Co. Litt., 195, 197 note. Roscoe on Real Actions, 7. Jackson *v.* Bradt, 2 Caines, 175. Malcom *v.* Rogers, 5 Cow , 188. Cole *v.* Irving, 6 Hill, 638. Runnington on Eject., 222. Stearns on Real Actions, 172. 2 Bl. Com., 194. Com. Dig., Abatement, E. 10, F. 6.

2. The answer set up title in third persons. This was a good defense; in ejectment the plaintiff must always recover on the strength of his own title, and not upon the weakness of his adversary's.

*Scott, Granger & Brent,* for Respondents.

This Court can use no papers upon the hearing of the appeal in this case except the judgment roll. No statement of the case has been made; the papers filed are *ex parte*, and should be disregarded. See Prac. Act, § 338, 346

2. The complaint states that the ancestors of complainants purchased of the defendant. The defense set up is, that at the time of the sale the title was in third parties. This the defendant cannot do in order to avoid his deed. 14 Johnson, 223. 10 Ib., 291. 17 Ib., 161.

3. The plaintiffs can join in this action, the joinder being fixed by statute. Prac. Act, § 12, 13, 14.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

It is insisted by the Respondents' counsel that this case comes up on the judgment roll, and that we cannot consider anything else, as there is no statement signed by the Judge of the Court below, or agreed upon by the parties; although not necessary to a decision, we have determined to settle the practice on this point, to avoid further difficulties and misapprehensions.

On the trial in the Court below the appellant tendered several bills of exceptions to the decisions of the Court, which were signed by the Judge and filed by the Clerk, and thus became records in the case. As before decided, the object of a statement, as provided by our statutes, is to make that record, which before was not record, but rested only in the recollection of the Court, or counsel, or the minutes of the Clerk; and it never has been considered necessary to embody matter of record in a bill of exceptions.

For these reasons this Court held that it would not review a case on testimony taken down at the trial, and certified to us by the Clerk, or upon errors purporting to have been noted in the Clerk's minutes, but, that the same should have been embodied in a bill of exceptions and signed by the Judge, or agreed to by the parties.

It is said that if this Court should entertain appeals upon bills of exceptions taken at the trial and signed by the Judge, without compelling the party to make and serve a statement upon the opposite party within the time allowed by law, embracing such exceptions that every case can be reversed upon some abstract or irrelevant point, which, if it had been properly pointed by a statement, would have been wholly immaterial. No such result can be properly apprehended. Every intendment must be in favor of the decision of the Court below, and we have repeatedly held upon unquestionable authority that we would not reverse a cause upon an error of law unless it appeared from the statement or the pleadings in the case, that the party complaining was injured by such error. Besides, it is an easy matter for either party to see that the bill of exceptions states the error correctly. This practice is frequent in many of the States, and commends itself as a safe mode of preserving everything occurring upon the trial. Having thus alluded to the question of practice we will consider the main point in this case, viz: the right of the plaintiffs to maintain this action. It appears from the declaration that they are tenants in common with several other co-tenants not made parties. As such they cannot join in an action of ejectment under the form of pleading adopted in this suit.

Tenants in common hold by several and distinct titles, but by unity of possession, because none knoweth his own severalty, and therefore they all occupy promiscuously. 2 Black., § 191.

The rule which determines whether tenants in common should sue jointly or severally depends upon the nature of their interest in the matter or thing which is in controversy, for injuries to their common property, as trespass, *quare clausum fregit*, or nuisance, &c., they should all be joined, but they must sue severally in real actions, generally, as they all have separate titles. See Coke's Litt., 197.

In England an action of ejectment founded on a joint demise of several tenants, in common, cannot be sustained. I am aware that in some States a different practice obtains, but this is where the old fictions of the action of ejectment are preserved and the plaintiff declares on a demise; for, as it would be competent for tenants in common, to convey by deed, their interest in the land to a third person, they may demise it for a term of years; thus the plaintiffs lessors, who are incompetent

to sue jointly, may by a fiction of law maintain their action in the name of their lessee.

It is contended that this disability is removed by our statutes, which allows all persons interested in the subject matter to join in one action. Granting that this provision extends to actions of ejectment brought by tenants in common, in this case the declaration shows upon its face that all the parties so interested have not been joined.

For these reasons the cause is reversed.