# SUPREME COURT.

## DERBY agt. HANNIN.

The only mode of reviewing justices' judgments since the Code is by *appeal.* And by § 353, the *grounds* upon which the appeal is founded must be stated in the *notice of appeal.* And by § 354, this notice of appeal must be served on the justice, and on the respondent, within twenty days.

The statute, which must be fully complied with, requires that the notice of appeal must not only be served, but must state the *grounds upon which the appeal is founded,* thereby making these grounds of appeal jurisdictional facts, upon which the whole proceeding of appeal is based.

Therefore, the review of the proceedings of the justice, brought up on appeal, must be limited and confined to the precise points made, and exceptions taken or specified in the notice of appeal. And these specifications are the grounds of the appeal, which are required to be stated in the notice.

A specification in a notice of appeal, that "the judgment is clearly against the law and evidence in the case," is not a sufficient specification as a ground of appeal. It is too vague and general.

Although the justice's return may show errors sufficient to reverse the judgment, if properly raised and presented for decision, yet if these errors are not specified in the notice of appeal, the judgment will be affirmed, if other errors, though insufficient, are stated in the notice. But where the notice of appeal contains no ground of error, the appeal will be *dismissed* for want of jurisdiction.

*Seventh District General Term, Sept.,* 1857.

APPEAL from a judgment of a county court, affirming the judgment of a justice.

This action was commenced in a justice's court; and on trial of the cause before the justice and a jury, a judgment was rendered in favor of plaintiff. From this judgment the defendant appealed to the county court of Wayne county.

The defendant's notice of appeal stated four grounds of appeal, the fourth of which was,—"The judgment is clearly against the law and the evidence of the case." Two of the others were abandoned on the argument, and two new grounds were brought forward. The two remaining grounds originally stated in the notice were decided in the county court to be untenable; and the court refused to consider the grounds

of appeal suggested for the first time upon the argument, holding that they could not be raised under the fourth specification in the notice, because that specification was too vague and general to entitle the appellant to urge objections under it; and that they could not be raised independent of the notice, because the appellant must be confined to those grounds which were set forth in his notice.

C. D. LAWTON, *for the appellant.*
J. WELLING, *for the respondent.*

By the court—E. DARWIN SMITH, Justice. In this case, the justice's return shows several errors for which the judgment ought to have been reversed by the county court if the questions were properly raised and presented for its decision. The county judge has, however, affirmed the judgment of the justice upon the express ground that the errors in question were not specified in the notice of appeal, and were not for that reason proper matters for consideration by that court. The question thus presented is one of much importance.

The only mode of reviewing justices' judgments, since the Code, is by appeal, under chapter 5 of title 2, entitled "Of Appeals in Civil Actions." This appeal is held in *Whitney* agt. *Bayard* (2 *Sandf.* 634) to be a mere substitute for the certiorari, to bring up the judgment for review. Section 353 is as follows: "The appellant shall, within twenty days after judgment, serve a notice of appeal, *stating the grounds upon which the appeal is founded.*" By section 354, this notice of appeal must be served on the justice within the twenty days, and on the respondent. The service of this notice is indispensable to perfect the appeal. (7 *How. Pr. R.* 108 ; 1 *C. R.* 53.)

The statute obviously must be fully complied with. The notice must not only be served, but it must state the *grounds upon which the appeal is founded.* If the notice must state these grounds to perfect the appeal, they are in the nature of jurisdictional facts, upon which the whole proceeding of appeal is based. To give practical effect to this section, or to this

requirement of the statute, I think we must hold, as the county judge has done, that the review of the proceedings of the justice, brought up upon appeal, must be limited to the grounds of appeal stated in the notice ;—otherwise, the provision is entirely nugatory. If any sort of grounds may be stated in the notice, and the party need not be confined to them in the argument in the county court or here, the provision is a very useless one, and answers no substantial purpose whatever. But worse than that, it is deceptive and illusory. It is calculated to deceive and mislead the opposite party and the justice. Before the Code, the party applying for a certiorari to review the proceedings before a justice of the peace, was required to make an affidavit setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which an allegation of error was founded.

In *The People* agt. *The Suffolk Common Pleas* (18 *Wend.* 550), in a case where no " grounds upon which the allegation of error was founded," were stated in the affidavit, the court held it defective, and decided that the county court should have quashed the certiorari. BRONSON, J., says, " When it appears from the affidavit that questions concerning the regularity of the proceedings, the admissibility of evidence, or the like, were made and decided on the trial, that will be a substantial compliance, without specifying, at the close of the affidavit, the particular grounds of error." Now, under the present system, these grounds must be stated in the *notice of appeal.* The notice of appeal is a substitute for this affidavit. As first passed, and until amendment of 1852, the Code required the party seeking to appeal to make, or cause to be made, an affidavit " stating the substance of the testimony and proceedings before the court below, and the grounds upon which the appeal is founded." Under this section, as it stood, it was held in *Thompson* agt. *Hopper*, by the county judge of Oneida county (1 *C. R.* 103), that unless this provision of the Code is complied with, the appeal must be regarded as irregular, if not wholly void ; and in the case of *Williams* agt. *Cunningham* (2 *Sandf.* 652), the superior court of New-York

Derby agt. Hannin.

dismissed an appeal because the affidavit did not·specify any particular grounds on which the appeal was founded ; and in a subsequent case, *Sullivan* agt. *McDonald*, the same court·dismissed another appeal for the same reason (2 *Sandf. S. C. R.* 632, *note*). Both of these decisions proceed upon the ground that the specification in question was essential to the jurisdiction ; and so it clearly must be, if no grounds are stated. Where, as in this case, some grounds are stated, the court must have jurisdiction of the case ; but I have no doubt it was the obvious intent of the section, and concurs with the general policy of the Code in regard to all proceedings for the review by one court of the proceedings of an inferior court, to confine such review to the precise point made and exceptions taken or specified in the notice of appeal.

I agree, too, with the county judge in the opinion that the fourth specification in the notice of appeal, " that the judgment is clearly against the law and the evidence in the case," is not a sufficient specification. It is too vague and general. It gives no notice of the real ground of the appeal.

The party appealing, as was said by the superior court in 2 *Sandford*, 632, " must put his finger on the point relied upon, or distinctly inform his adversary on what grounds he alleges there is error in the judgment." It is clearly right that the party appealing from a judgment should distinctly take his ground when he appeals, so that the opposite party, if in error, may abandon his judgment and stop the further·prosecution of the suit, and so that if it goes on, the justice may see and know to what point he is called upon to make return. It is in analogy with all the judicial proceedings under the Code to make the parties take their ground and make their objections and exceptions in the first stages of the litigation, that the errors complained of may be corrected, when practicable, and the attention of the court of review be chiefly directed to distinct points of law or evidence fairly presented and expressly decided by the court below.

I think the decision of the county judge right, and the judgment of the county court should be affirmed.