## MARY LEE *v.* ELIZA SCHMIDT.

Upon appeal from the Marine or District Court, the appellant must distinctly specify in his notice of appeal the errors alleged, whether in the process, pleadings, proceedings at the trial, or in giving judgment, that his adversary, the justice, and also this court, may be fully apprised of the matter intended to be the subject of review.

Where the errors are not distinctly pointed out in the notice, or where the notice states generally, as a ground of appeal, that the judgment is against law and evidence, specific objections will not be heard on the argument, but the judgment will be summarily affirmed.

A statement in the notice, that the judgment is against the weight of evidence, is not sufficient to justify its review as being contrary to evidence, or against evidence, each being a distinct ground of error, and, if relied on, must be stated.

A judgment will not be reversed where the cause was tried upon the assumption of the existence of a fact which was not proven, but which was incumbent on the plaintiff to have shown, and might have been established if objection had been taken at the trial.

Nor will a judgment be reversed for defect of proof, when, if objection had been taken at the trial, it could or might have been obviated.

In an action to recover damages for the unlawful detention and conversion of certain personal property, it did not appear by the return that any evidence whatever was offered tending to show that the defendant detained or converted the property. No objection to this defect of proof appeared to have been taken at the trial.

*Held*—1. That the defendant would not be permitted to present such an objection upon the appeal:

2. That, as the notice of appeal only alleged, as ground for reversal, that the judgment was "contrary to the clear and decided weight of evidence," he must be confined to the objection stated.

APPEAL from a judgment rendered by Justice William B. Meech, of the Third District Court.

The return was very brief, and in these words: "That the action was commenced by summons; the parties appeared—the plaintiff in person and the defendant by counsel. The complaint was for $45 damages against the defendant, for keeping and detaining a silk dress. The answer was a general denial. The plaintiff offered Lucy Moore as a witness to prove the value of the dress, and that the defendant detained and kept the same.

The defendant objected to the witness on the ground of incompetency, and that the witness had no knowledge of the value of the dress. The objection was overruled, and the defendant excepted. The witness then testified that she had previously seen the dress on the plaintiff, and it was worth $45. The plaintiff here rested, whereupon the witness was cross-examined. She said she had never sold or dealt in silks, and did not know its value, but had bought several dresses, probably four in all, and she judged by that. The testimony was again objected to by the defendant, on the ground of the incompetency of the witness. The objection was overruled, defendant excepting. The case was here closed, and judgment was given in favor of the plaintiff for the amount claimed."

The return seemed to be in the handwriting of the defendant's attorney, and the justice, before signing, added that "This return is made subject to legal amendments."

The defendant appealed, and in the notice stated, as the only ground, " that the judgment rendered by the court is contrary to the clear and decided weight of the evidence produced on the trial of this action."

*P. F. Smith*, for appellant, upon the argument, urged as grounds for reversal, 1. That there was no proof of demand made of the defendant for the dress ; 2. That the witness had no knowledge of its value (*Ely* v. *O'Leary*, 2 E. D. Smith, 355) ; 3. That the dress was not proven to have been in the defendant's possession, nor was it shown to have been kept or detained by her (*Davidson* v. *Donadi*, 2 E. D. Smith, 121) ; 4. The judgment is against the weight of evidence ; 5. It is without evidence to support it (*Howard* v. *Brown*, 2 E. D. Smith, 247).

*Burger and House*, for respondent. 1. No objection was taken, on the trial, to the insufficiency of the evidence ; 2. It is apparent that the return does not contain all the evidence, and the party asking for reversal should be required to furnish a complete return, otherwise the judgment should be affirmed.

*McCarty* v. *Kelly*, 2 Sandf. 637; *Relshaw* v. *Colie*, 3 Code Rep. 184; *Klinck* v. *Deforeest*, ibid. 185.

DALY, FIRST JUDGE.—The complaint in this action was for wrongfully detaining a silk dress of the plaintiff, of the value of $45, which the defendant answered by a general denial. Upon this issue the parties went to trial, and all that appears by the return is, that the plaintiff called a witness, who testified that she had seen the dress upon the person of the plaintiff, that she had bought several dresses, and that in her judgment the dress was worth $45. Before she testified to the value of the dress, the defendant objected to her competency to testify upon the question of value, which objection was overruled by the justice; and when she had finished her testimony, the defendant further objected to its sufficiency. It would seem that, upon this evidence, which merely proved the plaintiff's title to the property and its value, the plaintiff had judgment. Upon the most material point in the case—the possession of the dress by the defendant and its wrongful detention—it does not appear, by the return, that any evidence was given. This was put in issue by the pleadings; and if the return sets forth all the evidence, then it would seem that neither the plaintiff nor the justice appear to have thought it of any consequence to have evidence upon that point, nor does the defendant appear to have thought it necessary to draw the attention of the court to the want of any evidence of the possession and wrongful detention of the property by the defendant, or to ask the justice for a nonsuit, or to dismiss the complaint upon that ground. He does not even take the objection in his notice of appeal, but presents it now for the first time. His notice merely specifies, as the ground of appeal, that the judgment is contrary to the clear and decided weight of the evidence.

We have held that the appellant must specify in his notice the grounds of his appeal, and the error on which he relies, that his adversary, as well as the justice, may be fairly apprised of the ground that is to be taken before the appellate court for the

reversal of the judgment. It was held, in *Williams* v. *Cunningham* (2 Sandf. 632), under a provision in the Code of 1848, § 303, which required the grounds upon which the appeal was founded to be stated in the affidavit, " that the appellant must put his finger on the point relied upon, and distinctly inform his adversary on what grounds he alleges that there is error in the judgment." Such a construction was then less necessary than now, as the appellant was then required to serve upon the respondent and upon the justice an affidavit stating the substance of the testimony and proceedings in the court below, for which, by the amended Code of 1852, § 353, a notice, " stating the grounds upon which the appeal is founded," was substituted, so that all that the justice now has to guide him, in making his return, is what is stated in the notice. We have, therefore, held that it must specify with reasonable certainty the alleged error or errors, whether in the process, the pleadings, the proceedings at the trial, or in the giving of judgment, that the justice may omit nothing in his return essential or necessary to bring up the matter fairly for review, or, in the event of his neglecting to do so, that the respondent may have an opportunity, before the appeal is brought to a hearing, of applying to the court for an order that the justice return specifically in respect to any matter which may be essential to a full and fair review of the case. We have consequently refused to hear specific objections and summarily affirmed judgments, where the only ground stated in the notice was, that the judgment was against both law and evidence; and in other cases refused to reverse for errors not specifically pointed out in the notice of appeal. The same view of the requisites of the notice of appeal, and of the right and duty of the court to disregard errors not specifically pointed out in it as grounds of appeal, has also been taken by the judges of the seventh district of the Supreme Court, in the decision rendered by the general term of that district, in *Derby* v. *Hannin* (5 Abbott's R. 150).

The ground of appeal specified in the present case is, that the judgment " is contrary to the clear and decided weight of the evidence," which is a ground very different from the one upon

which we are now asked to reverse the judgment. The inquiry as to the weight of evidence is one that arises where there has been conflicting evidence upon a disputed and controlling point in the case; and the objection, that the verdict or judgment is against the weight of it, presupposes that, if the testimony upon one side is weighed against the testimony upon the other, the preponderance against the finding of the jury or judge will be so great, convincing, or overwhelming as to warrant the conviction that the verdict or judgment must have been the result of prejudice, passion, partiality, or corruption. No such question could arise in this case, for there was no contradiction in the testimony submitted by the plaintiff, and the defendant called no witnesses. The ground upon which the appellant founds her appeal is, that upon the most material issue in the case—the conversion of the property by the defendant—there was no evidence at all; and this ground is not specified in her notice. It is not that the testimony offered by the plaintiff in support of her case was outweighed by the testimony adduced on the part of the defendant, but that the plaintiff, upon her own evidence, failed to show any cause of action against the defendant. A verdict or judgment may be erroneous for want of evidence to support it, or it may be against evidence, as where there is no conflict in the testimony as to the facts, and the conclusion founded upon them is erroneous in law, or where there is conflict among the witnesses, or in the testimony offered, the finding may, as above stated, be against the weight of evidence. These are all distinct grounds of error, for either of which the judgment may be reversed, and if any one is relied upon, it must be stated in the notice of appeal. To give notice, therefore, that the ground of appeal is, that the judgment is contrary to the weight of evidence, when the error upon which the appellant means to rely is, that the plaintiff failed *prima facie* to establish any cause of action, would have the effect to mislead, rather than to apprise the respondent and the justice of the real ground the defendant meant to take before the appellate court for the reversal of the judgment.

It is evident that it was not through ignorance or inability

that the defendant's attorney omitted to express in his notice the ground upon which he meant to rely. With commendable brevity it is set forth in his written points in a single sentence— that it did not appear by the testimony that the dress was in possession of, or detained by, the defendant; and if, with equal conciseness, he had stated this objection in his notice, the justice would have been apprised of what would be material in his return, and the respondent of what he would be required to meet.

For all that we know, there may have been evidence of the detention of the dress by the defendant, or that point may have been conceded or admitted by the parties-upon the trial. It is stated in the respondent's points that the return does not contain all the evidence; and it is a matter of constant experience in this court, that justices do not return fully the evidence given before them, and that their returns, in the great majority of cases, are very defective. It has been especially so in the returns of the justice by whom this return is made. He states in his return the objection made by the defendant to the sufficiency of Lucy Moore as a competent witness, to show the value of the dress, after her preliminary examination, as to her general knowledge of the value of such articles; and the further objection at the close of the testimony, that the plaintiff had not proved the value of the dress. He may have supposed, from this notice, that that was the only question that was to come under review; as the only objection made in the court below, to the plaintiff's right to recover, was the want of sufficient proof of value; and that, when he had given the whole of the testimony upon that point, he had returned all that was material.

It would seem very strange that the plaintiff should give no evidence of the conversion of the dress by the defendant, which was the most essential part of her case ; that the justice should give judgment without requiring it, and that the defendant should raise no objection to the want of such proof. In *Ford* v. *Moore* (20 Wend. 210), the court refused to set aside a verdict for the want of sufficient proof of a fact, which it was incumbent

for the plaintiff to show, when the cause appeared to have been tried upon the assumption of the existence of the fact; and it has been repeatedly held that a judgment will not be reversed for a defect of proof, when, if the objection had been taken at the trial, it could or might have been obviated. *Doane* v. *Eddy*, 16 Wend. 521; *Lawrence* v. *Barker*, 5 ibid. 301; *Safford* v. *Stevens*, 2 ibid. 158; *Henry* v. *Cuyler*, 17 Johns. 473; *Gelston* v. *Hoyt*, 13 ibid. 576; *Elsey* v. *Metcalf*, 1 Denio, 323; *Luckey* v. *Frantzee*, 1 E. D. Smith, 47; *Heim* v. *Wolf*, ibid. 71; *Stern* v. *Drinker*, 2 ibid. 401.

We might be justified in saying, that it would seem by this return, as in *Ford* v. *Moore*, *supra*, that the cause was tried upon the assumption of the detention of the dress by the defendant, or that, if the objection had been taken at the trial, it might have been obviated; but it is sufficient to rest our decision upon the ground that the appellant has not specified, in her notice of appeal, the error for which she asks us to reverse the judgment; and the way in which this return is made up by the justice shows the propriety of requiring a strict compliance with the provisions of the Code in all cases; and of refusing to hear any objection to a judgment which is not clearly indicated in the notice of appeal.

Judgment affirmed.

