## PETER COSGROVE v. CHARLES E. JOHNSON et als.

STATEMENT ON MOTION FOR NEW TRIAL.—A statement on motion for new trial will not be regarded unless it is agreed to by the attorneys of the respective parties, or settled and authenticated by the Court.

DISMISSAL OF APPEAL.—An appeal from an order denying a new trial will be dismissed unless the statement is agreed to by the attorneys of the respective parties, or settled and authenticated by the Court.

SETTLEMENT OF A STATEMENT BY THE COURT. — A motion by the moving party to strike out the other party's proposed amendments to his statement on a motion for a new trial, and a denial thereof by the Court, is not a settlement and authentication of the statement by the Court.

THERE MUST BE A SETTLED STATEMENT IN THE SUPREME COURT.—Without a settlement of a statement on motion for a new trial, and authentication of the same in the Court below, there is no case upon which the Supreme Court can act.

WAIVER OF PROPER STATEMENT.—By agreeing to submit a motion for a new trial without the statement having been settled or authenticated, the party resisting a new trial does not waive his right to object to the want of a properly authenticated statement.

MANNER OF MOVING FOR A NEW TRIAL. — Discussion of the manner of preparing, engrossing, settling, and authenticating a statement on motion for a new trial.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment in the Court below, and defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*H. & C. McAllister*, for Appellants, argued that the amendment proposed by plaintiff's attorney to the statement of defendants' attorney, was not a paper of which appellants were required by law to take any notice, and therefore no settlement was necessary, and the proposed statement of appellants constituted the statement on motion for a new trial, and that the certificate of the Judge was waived by the submission of the motion by consent of parties.

*E. A. Lawrence*, for Respondent, argued that there was no statement authenticated, and that the appeal should be dismissed; and cited *Baldwin* v. *Ferre*, 23 Cal. 461; *Marlow* v. *Marsh*, 9 Cal. 259; and *Skilman* v. *Riley*, 10 Cal. 300.

By the Court, SANDERSON, J.:

At the hearing a preliminary motion was made to dismiss the appeal, upon the ground that there was no statement in the transcript, either agreed to by the parties or settled and allowed by the Judge. Counsel for appellant is mistaken in supposing that this motion was decided in his favor from the bench. The motion and the case were submitted together.

The motion will have to be sustained. The record contains a statement on motion for new trial as proposed by the defendants; also, a paper in which the plaintiff proposed to amend such statement by striking out a part of it and inserting the Reporter's notes of the evidence and proceedings at the trial. From certified papers not contained in the transcript but filed in manuscript at the argument, it appears that the defendants moved to strike the plaintiff's proposed amendment from the files of the Court, upon certain grounds which are not material to the present purpose, which motion was denied.

Passing the question whether these manuscript papers can be regarded as a part of the record and treating them as such, the defendants, upon a denial of their motion to strike out, should have agreed to the amendment or moved the Court to settle and authenticate the statement. But neither was done. On the contrary, without any statement being agreed to by the parties or settled and allowed by the Judge, the motion for a new trial was submitted by consent to the Court, and was denied, but upon what ground does not appear. The Judge may well have denied the motion, for the reason that there was no settled statement, and from aught we know may have done so. By agreeing to submit the case in its then condition, the plaintiff waived nothing, or if he did, the appellants gained nothing by the waiver; for without a statement properly authenticated, there is no case upon which this Court can act. It is the statement that makes the case, and this Court is not the place to settle it.

The statute prescribing the practice in motions for new trials is plain and simple, and there would seem to be no good

reason why cases should be brought to this Court upon a defective record. The moving party prepares his statement and submits it to the opposite party. If satisfactory to him they add a certificate, which they sign, that it is correct and agreed to by them. If not, he proposes amendments and submits them to the moving party, and if they are accepted by him the statement is then engrossed accordingly, and to the engrossed copy a certificate is added and signed by them to the effect that the statement is correct and agreed to by them. If they cannot agree the statement and proposed amendments are submitted to the Judge, who allows or denies according to circumstances. After the Judge has thus determined what shall constitute the statement, it is engrossed accordingly and a certificate added to the effect that 'it is correct, and if not signed by counsel must be signed by the Judge. Nothing can be regarded by us as a statement which is not authenticated in one of these modes. There is nothing, therefore, in the record in this case to which we can look, except the judgment roll, upon which no errors are assigned.

Appeal dismissed.