JOSEPH N. DOLPH, Respondent, *v.* JOHN and SUSANNAH NICKUM, Appellants.

*Appeal from Multnomah County.*

1. On appeal the return of service of notice may be amended.
2. Notice and certificate of service not amendable.

THE sheriff of Multnomah county made return of service of notice of appeal, thus: "I hereby certify that I served the within notice, within said State and county, on the 23d day of February, 1867, on the within named J. N. Dolph, by leaving a copy, prepared and certified to by me as sheriff, in a conspicuous place in his office in the city of Portland, said county and State, between the hours of 6 A. M. and 9 P. M. of said day." (Signed.)

*E. Semple,* counsel for appellants.

*Mitchell & Dolph,* counsel for respondent.

BY THE COURT. Respondent moved to dismiss the appeal for want of proper service of notice in this, that the return does not show that there was no person in said office with whom the copy might have been left. Upon cross motion of appellants, leave was granted to amend the return in that respect to conform to the facts. The notice of appeal and certificate contained the following statement of errors relied upon to reverse the judgment:

"1st. Because it is contrary to law.

"2d. Because it is contrary to evidence.

"3d. Because it is based upon evidence improperly admitted and considered by the court; duly excepted to by appellants."

Appellants asked leave to amend the statement as to first and second heads; which application was denied.

The *Code, Section* 527, *page* 280, provides that the notice of appeal "shall contain the certificate of an attorney of the court to the effect that he has examined the judgment or decree and that the same is substantially erroneous, and *in what particulars.*" Section 534 provides that the appellate court may reverse or modify "in the *respect mentioned* in the notice, and *not otherwise.*" Section 531 provides that the notice of appeal is made a part of the transcript. *Held,* that the notice and certificate being a part of the transcript are not amendable in this court. That as in a pleading, so in the notice, parties are supposed to set forth in full effect the statement of errors; that the certificate should contain a particular statement of the error alleged, and in what respect it is erroneous. It should contain a reference at least to the point in law to which error applies, and to the general points of evidence, so that the other party may not go wide of matters in controversy. There is no such particular averments in either of the first two points in certificate and the court will not examine this case in those respects; and the attention will only be given to those matters which may properly come under the third assignment of error.