JOSEPH G. WILSON,
PAINE P. PRIM,
WILLIAM W. UPTON,     } *Justices.*
JOHN KELSAY,

R. WILLIAMS, *Clerk.*

---

JAMES RICKEY, Appellant, *v.* JOHN FORD, Respondent.

### *Appeal from Marion County.*

1. The object of a statement under the Code in an appeal, is to make that a matter of record which before was not so.
2. A statement is not necessary in all appeals.
3. A motion to dismiss an appeal on the sole ground that no statement has been made, cannot be entertained.

THE points made on argument upon the cross motions are sufficiently designated in the opinion of the justice.

*J. Cartwright, Esq.,* for appellant.

*Williams & Willis,* for respondent.

UPTON, J. The respondent moves this court to dismiss the appeal, upon the ground that no statement of the case is annexed to the record and embodied in the transcript.

The appellant files a cross motion for a rule upon the clerk of the Circuit Court, directing him to send to this court the depositions and documents used in evidence on the trial of the cause.

This is an equity case, and it is urged in support of the cross motion that all the evidence used at the trial in the Circuit Court is in writing and on file in that court.

The motion to dismiss the appeal, and the argument in support of it, seemed based on the position that an appeal cannot be heard unless the grounds of appeal are exhibited in a statement of the case.

This position is not sustained by the language of the Code, nor is it consistent with the general scope and manifest intent of the statutory provisions in relation to appeals.

The object of a statement is to make that record which before was not record, but rested only in the recollection of the court or counsel or the minutes or files of the court, and it never has been considered necessary to embody matter of record in a bill of exceptions. (*Carman Guirado de Johnson* v. *Jose Diego Sepulbeda*, 5 *Cal.*, 149.) It is equally unnecessary to embody that which is matter of record in a statement.

*Section* 526 *of the Code*, which directs the mode of preparing a statement, introduced the subject by the words: "When the party who has the right to appeal *wishes* a statement of the case to be *annexed* to the record of the judgment, decree or order," he shall prepare such statement. This necessarily admits that there are cases in which no statement would be desired by the party appealing.

Section 531, in providing for a transcript, proceeds as follows: "The transcript is a copy, certified by the clerk, of the roll or final record, or the pleadings, orders, exceptions, papers and journal entries that constitute such roll or record, *together with* the statement provided in section 526, *if there be one*," naming the other necessary requisites. This language shows that appeals are contemplated in which there is no statement. Section 533 provides that, "Upon an appeal from a judg-

ment, the same shall be reviewed as to the questions of law appearing upon the *transcript*." * * * " And upon an appeal from a decree given in any court, the suit shall be tried anew upon and in regard to all questions, both of law and fact, presented by the *transcript*."

It is clear that in a law case, if the transcript discloses the existence of an error which was particularized or assigned in the certificate accompanying the notice of appeal, under *section 527 of the Code*, the court will review the question of law without regard to whether it is shown by a statement or not. And upon an appeal from a decree the case will be tried anew if any of the questions, either of law or fact, which have been pointed out by the notice of appeal, are presented by the transcript.

A case may have been determined upon demurrer, and the judgment roll may disclose every matter that can be of any avail to either party on an appeal. In such case it would be a mere waste of labor, and an incumbrance to the transcript, and the records of this court to prepare a statement. Or the point in controversy, although not otherwise a matter of record, may have been saved by a bill of exceptions regularly signed by the judge who tried the cause and filed with the clerk, within the time prescribed by law. In such case the bill of exceptions will have done all that is purposed by the provisions of statute in relation to the statement of the case. That is, it will have made a record disclosing fully what is the point or issue in question on the appeal, and all the facts necessary to the consideration of the question. In this case the evidence was taken by depositions, or at least reduced to writing before a referee, and is now on file in the Circuit Court. The appellant seems desirous that the findings of fact should be reviewed in this court, but he has failed to take the proper steps to make the written evidence on file in the clerk's office a part of the record. If he deemed an examination of all the evidence necessary to a proper trial of the cause, he should have filed a statement showing that it

was upon that evidence the cause was tried in the court below, and thus have embodied all the evidence in the record.

It is seldom that an examination of all the evidence is necessary for the purpose of determining a question on appeal; but that is sometimes the case and when it is, the appellant can, by a statement, place the court in possession of all of it, so that the whole case may be heard *de novo*, if it be an equity case, as if no trial had ever taken place in the Circuit Court. When no such necessity exists, it is detrimental to the interest of the parties as well as inconvenient to the court to have the record encumbered with depositions and other writings that throw no light upon the questions at issue; and it has not unfrequently been the case that the inconvenience was so great as to become a real hinderance in the trial of causes in this court. One of the advantages expected from the recent change in the law is, that the record may be divested of extraneous matter, and that the real point in issue between the parties may be clearly presented without the labor of wading through accumulations of irrelevant matter. Exceptions saved in the haste and excitement of the trial can, by making a statement, be put in a more satisfactory form. Frequently the various points and the evidence necessary to explain them, can thus be more succinctly stated than could be done at the trial, and the appellate court is the better enabled to examine the real questions at issue.

It is clear from the views above expressed that a statement is not in all cases indispensable.

A motion to dismiss an appeal on the sole ground that no statement has been made can not be entertained.

The case of *Cosgove* v. *Johnson*, 30 *Cal.*, 509, is cited as sustaining respondent's motion. The ruling of the court in that case was virtually a dismissal of the appeal for want of merits, and does not touch the question pending here. It simply decides that where no errors are assigned upon the judgment roll, and nothing except the judgment roll is brought up by

the transcript, the appeal will be dismissed; a rule of that court permitting· a motion to dismiss for want of merits, although the appeal is regular, wherever the want of merits in appellant's case is obvious without arguments, upon a bare inspection of the transcript. But even under that rule no argument is permitted in that court, upon such a motion. A practice permitting argument would be virtually a trial of the case upon a preliminary motion, and in every case where the motion is not sustained, would necessitate a second hearing of the same matter.

The cross motion for a rule directing the clerk of the Circuit Court to send to this court the depositions and documents used in evidence on the trial in the Circuit Court must also be denied. Those papers have not been made part of the record, and no certificate the clerk could attach to them would give them that character or enable this court to look into them in determining the questions that may be disclosed in the trial of the cause on appeal.

Both motions denied.