# SUPREME COURT

### OF THE

# STATE OF NEW YORK.

## FOURTH JUDICIAL DEPARTMENT.

### GENERAL TERM, JUNE, 1873.

DELONG, appellant, v. BRAINARD *et al.*

*Justices' court — Appeal.*

The defendant, in his notice of appeal from the judgment of a justice of the peace upon the law, assigned, as grounds of appeal, that the evidence was incompetent, did not support the judgment, that on it the plaintiff was not entitled to recover, and that the judgment was contrary to law, but did not point out specifically any errors. *Held,* not sufficient to sustain an appeal.

An appellant cannot, on appeal from a justices' court on the law only, insist upon any error not specified in the notice of appeal.

APPEAL from a judgment of the county court of Jefferson county reversing a judgment of a justice of the peace.

*N. Whiting,* for appellant.

*Wynn & Porter,* for respondent.

VOL. I. — 1

TALCOTT, J. In the notice of the appeal from the judgment of the justice to the county court, the statement of the grounds of the appeal is as follows:

"*First.* The justice erred in allowing incompetent evidence on the trial.

"*Second.* The judgment is entirely unsupported by the evidence given on said trial.

"*Third.* On the whole evidence given the plaintiff was not entitled to recover a judgment against the defendant.

"*Fourth.* The judgment is contrary to law upon the facts proved on said trial."

The return shows numerous objections to the admission of evidence, but none is pointed out in the notice of appeal. That part of the notice of appeal, which relates to the admission of evidence, is altogether too general to apprise the party or the justice of the specific error, which it was claimed had been committed. *Williams* v. *Cunningham*, 2 Sandf. 632; *Thomson* v. *Hopper*, 1 Code R. 103; *Derby* v. *Hannin*, 15 How. Pr. 32; *People* v. *Suffolk Common Pleas*, 18 Wend. 550. The other specifications are also very vague, and amount to little more than saying the judgment is wrong. Whether they are sufficient to raise any question is doubtful, but it is clear that an appellant cannot, on an appeal from justice's court upon the law only, insist upon any error not specified in the notice of appeal. *Avery* v. *Woodbeck*, 62 Barb. 557. As to the lack of sufficient proof of the partnership of the defendants, if there was any deficiency of the proof on that subject, it should have been specified on the trial. No such objection was there pointed out. If it had been, it might have been obviated. See *Lee* v. *Schmidt*, 1 Hilt. 537; id. 425. On all other points there was testimony tending to establish the right of the plaintiff to recover.

So that the three last specifications of the grounds of the appeal must fail. If any of this evidence was improperly admitted the defendants failed in their notice of appeal to specify such evidence.

The judgment of the county court is reversed, and that of the justice affirmed.