THE STATE OF OREGON, EX REL. J. H. MAHONEY, RESPONDENT, v. J. D. McKINNON, E. J. PAGE, J. H. SHUPE, AND GEORGE R. SACRY, APPELLANTS.

NOTICE OF APPEAL—ERROR NOT ASSIGNED.—No error not specifically assigned in the notice of appeal will be considered; but the court will take judicial notice of the lack of jurisdiction in the court below, appearing on the face of the record.

IDEM.—A statement in the notice that "the decision and judgment are against law," is not specific under the statute, and should be disregarded.

PROCEEDING FOR CONTEMPT—AFFIDAVIT MERELY EVIDENCE.—A counter affidavit filed in a proceeding for contempt, is not a "pleading," but evidence merely, and the facts stated in it may be rebutted by other evidence without a formal replication.

IDEM—QUESTIONS OF FACT NOT EXAMINED ON APPEAL.—The question upon the hearing of a rule to show cause, as well as the question on the trial of a proceeding for contempt, are those of fact merely, to be determined on all the evidence taken by the court below, and this court will not disturb such determination, unless for errors of law or want of jurisdiction appearing upon the transcript.

IDEM—JURISDICTION ONLY EXERCISED DURING TERM.—The judge of the circuit court, in vacation, has no power to hear and determine charges of contempt for disobeying judgments or orders of court. The exclusive jurisdiction over such charges belongs to the court whose judgments or orders have been disobeyed, and can only be exercised during term.

APPEAL from Douglas County. The facts are stated in the opinion.

*Herman and Ball*, for appellant.

*Wm. R. Willis*, for respondents.

By the Court, WATSON, J.:

It appears from the transcript that this was a proceeding for contempt, under tit. 4, of chap. 7, of the Civil Code, based upon the following affidavit and motion:

"In the circuit court for the county of Douglas, State of Oregon.

"STATE OF OREGON, ex. rel. J. W. Mahoney, Plaintiff, v. J. D. McKINNON, ALVA PIKE, J. H. SHUPE, E. J. PAGE, and GEO. R. SACRY, defendants.

"Action at law to prevent the usurpation of office.

"State of Oregon, County of Douglas, ss.:

"I, William R. Willis, being duly sworn, say I am attorney for plaintiff above named; that said plaintiff did, on the twenty-fifth day of June, 1879, recover judgment in the above entitled court and cause against the said defendants, J. H. Shupe, E. J. Page, and George R. Sacry; that they were guilty of usurping and unlawfully exercising the office of trustees of the city of Oakland, and that they be excluded therefrom; that I am informed and believe that the said defendants, E. J. Page and John H. Shupe, in disobedience of said lawful judgment, continue to and do now usurp and exercise the office of trustees of said city of Oakland, and refusing and neglecting obedience to said judgment.                                    WILLIAM R. WILLIS.

"Subscribed and sworn to before me, August 26, 1879.
                                    "T. R. SHERIDAN, Clerk.

"Now comes the plaintiff above named, and moves the Hon. J. F. Watson, judge of the above-entitled court, upon the foregoing affidavit, for a warrant of arrest against the said defendants, E. J. Page and John H. Shupe, to answer for contempt in neglecting and refusing to obey said judgment.                    W. R. WILLIS, Plaintiff's Attorney."

Upon this affidavit and motion, the judge of the circuit court made an order, requiring said Page and Shupe to appear on September 4, 1879, and show cause why they should not be arrested to answer said charge of contempt.

At said date they appeared and filed a counter-affidavit, denying any violation of the judgment described in the affidavit of Willis, and any intentional contempt of the court, and setting up an alleged legal title or right to exercise the office of trustees of the city of Oakland, acquired subsequent to the rendition of the judgment of exclusion above referred to. This showing was held insufficient, and on September 16, 1879, said judge made an order that a warrant for the arrest of said defendants be issued, returnable on the nineteenth day of the same month.

At said date, said proceeding was finally heard and determined. Defendants Shupe and Page were adjudged

guilty of contempt of court, as charged, and fined one dollar each, and ordered to pay the costs and disbursements of the proceeding. And the said defendants Shupe and Page appealed, and in their notice of appeal assign the following errors:

1. That the decision and judgment are against law.

2. That the decision and judgment of the court are against the facts admitted in the pleadings, and are contrary to law.

3. That the court erred in its order made on the twenty-seventh day of August, 1879, on the defendants to show cause why a warrant should not be issued to arrest them to answer said charge, for the reason that the affidavit of Wm. R. Willis, and the motion 'of plaintiffs filed therewith, designed as the complaint in said proceeding, is insufficient to give the court jurisdiction to make the said order.

4. The court erred in its order for a warrant of arrest against the said appellants, made and entered on the sixteenth day of September, 1879, to answer said charge, for the reason that the answer and affidavit of the appellants, filed in said proceeding on the fifth day of September, 1879, is in all things a sufficient showing that said defendants (appellants) were not acting in contempt of the previous decision and judgment of said circuit court, in exercising the office of trustees of the city of Oakland, but under and in pursuance of an allotting and certificate of election, had and issued by the inspectors of said election, under and in pursuance of and according to the written opinion of said circuit court, made and filed with its decision, in the said action, according to the statute in such cases made and provided.

Section 527 of the Civil Code, which provides what a notice of appeal shall contain, declares that such notice shall state that the appellant appeals from the judgment or decree of the circuit court, or some specified part thereof, and in case the judgment be one rendered in an action at law, shall specify the grounds of error, with reasonable certainty, upon which the appellant intends to rely upon the appeal.

It is plain that the first assignment in the notice does not comply with this requirement of the statute. It is too vague and general to notify the respondent of the particular issues to be tried on appeal, and thus afford him proper guidance in the preparation of his defense.

If one objection can be urged against the judgment appealed from under an assignment of error so general and indefinite as this one is, then all objections can be made under it, and the requirements of the statute be wholly disregarded. But neither reason nor authority leads in this direction. On the contrary, wherever a statute has provided for a specific assignment of grounds of error on appeal, it has been held necessary to comply with such requirement. (*Derby* v. *Hannin,* 15 How. Pr. 32; *Christman* v. *Posh,* 16 Id. 17; 25 Cal. 478; 30 Cal. 509; *Dolph* v. *Nickum,* 2 Or. 202; *Rickey* v. *Ford,* Id. 251.)

We can not regard this assignment, because it does not specify any particular ground of error upon which appellants intend to rely on this appeal.

The second ground of error assigned in the notice is upon a supposed admission in the "pleadings," by which we understand is meant the affidavit and counter affidavit before referred to; but these are not "pleadings" in the proper sense of the term, and the ordinary rules of law governing the construction of pleadings in an action at law are not applicable.

The counter affidavit was nothing more than evidence offered by defendants to rebut or explain away the charge of contempt, on the hearing of the order to show cause, and was in no sense a pleading.

It was a question of fact whether they made a sufficient showing of cause upon said hearing or not, in view of all the evidence produced on that occasion, and the decision thereon, unaffected by any error of law, would not in any case be appealable to this court; but this ruling or decision was not the final judgment in the proceeding from which an appeal is given by the statute, or from which this appeal was in fact taken.

It was a mere preliminary to issuing the warrant to arrest

the defendants to answer said charge, and the trial and final judgment upon the hearing was had on the nineteenth day of September, 1879, and could not have been affected by such preliminary decision.

The third ground of error is not well taken. The affidavit of Mr. Willis, we think, sufficiently shows the facts constituting the contempt, and any person having knowledge of the facts is competent to make the affidavit under section 643 of the Civil Code. Whether Willis should be deemed the relator or Mahoney, is wholly immaterial, so far as the jurisdiction of the court is concerned, to make the order on defendants to show cause.

The fourth ground of error assigned in the notice of appeal rests upon the proposition that the counter-affidavit of defendants filed September 5, 1879, under the order to show cause, established a full defense to the proceeding. But as we have already stated, we do not so regard it. At most it was but evidence on the hearing of the order to show cause, and it could not be used as evidence even on the final trial, except by consent of parties, and the record does not show that it was so used; but, be that as it may, it was the duty of the court, upon the return of the warrant, under section 648 and 649, to proceed to investigate the charge by taking the evidence, and upon that evidence to determine the guilt or innocence of the parties charged, and give judgment accordingly. Obviously the counter-affidavit previously filed could only be introduced as evidence at most, upon this investigation, with any other evidence produced at that time by either party.

But the determination was one of fact, and unless some error of law, calculated to affect that determination, is shown by the record, this court will hold it like all other decisions of fact in proceedings at law, conclusive on appeal. What evidence, if any, was taken on the final trial of this proceeding in the court below, does not appear from the record, and we must conclude that it was sufficient, in legal effect, to justify the judgment.

It was urged by the counsel for the appellants on the argument here that the judge of the circuit court had no

power to hear and determine this proceeding in vacation, although this was not assigned as error in the notice of appeal, and does not seem to have been questioned during the proceeding below.

The transcript discloses the facts that the judgment, in respect of which the disobedience is charged as a contempt, was a judgment rendered by the circuit court for Douglas county, at its May term, 1879, while the proceeding for contempt was taken wholly before the judge of the court in vacation after said term. If this was an error it goes to the jurisdiction, and as it appears from the record itself, this court is bound to take judicial notice of it, although not assigned, or not even appearing in the argument. If this want of jurisdiction appeared to the judge before whom the proceeding was had, at any stage, he should, of his own motion, have dismissed the cause, and this court, on appeal, stands in the same position. (*Hollingworth* v. *The State,* 8 Ind. 258; *Heyer* v. *Berger,* 1 Huff. Ch. 17; *Evan* v. *Christian,* 4 Or. 376; *McKay* v. *Freeman,* 6 Or. 453.)

While every court and every judicial officer is, under our statute, invested with authority to investigate charges of contempt arising from disobedience to its or his lawful judgments, or orders, in the manner provided by the code, and punish those found guilty, it does not follow as a logical, necessary consequence that either without express statutory authority can take cognizance of such offenses against the dignity or authority of the other. Each has the power to enforce obedience to its or his own lawful judgments, or orders, in the cases and manner provided, by proceedings for contempt, but has no such power in reference to the judgments or orders of the other (except when the judge's order is made in some cause pending in the court), unless the statute expressly gives it.

Section 888 of the Civil Code declares: "A judge may exercise out of court all the powers expressly conferred upon a judge as contradistinguished from a court, and not otherwise.

Title 4 of chapter 7, under which this proceeding was taken, never speaks of " a court or judge thereof," but

of "a court or judicial officer," and the line of separation is plainly marked throughout.

We can not find any authority given by the statute for holding a proceeding like this for contempt, in disobeying a judgment of the court, before the judge of the court, in vacation, and he had no such power at common law. (*Taylor* v. *Moffatt,* 2 Blackf. 305.)

In our judgment the judge who tried this proceeding below, in vacation, had no jurisdiction in the premises, and the judgment rendered by him was void.

Such judgment must be reversed, with costs, and the proceedings in the court below dismissed.