| 44 | 71 |
| 88 | 365 |

| 44 | 71 |
| 100 | 567 |

------------

[No. 2,899.]

## CHARLES YEOMANS *v.* CONTRA COSTA STEAM NAVIGATION COMPANY, JAMES NELSON, CHARLES MINTURN, AND EDWARD MINTURN.

LIABILITY OF EMPLOYER FOR INJURY TO EMPLOYE FROM NEGLECT OF FELLOW EMPLOYE.—An employer is not liable to his employé for injuries resulting from the negligence, carelessness, or unskillfulness of a fellow employé, engaged in the same general business; but the employer must exercise due care and prudence in the selection of competent servants.

IDEM.—The above rule is too firmly supported by authority to be overthrown, but it will not be extended beyond the limits designated by the general line of decisions.

LIABILITY OF COMMON CARRIER FOR INJURY TO EXPRESS AGENT.—If an express company hires its freight transported on the steamer or railroad of a company engaged in transporting freight and passengers for hire, as common carriers, and hire an agent to take charge of such freight, whose passage is paid for in the contract, such agent occupies the position of an

ordinary passenger, as to the liability of the common carrier, for injuries he may sustain, caused by the negligence of its employés.

LIABILITY OF COMMON CARRIER FOR INJURY TO A BARKEEPER ON ITS BOAT.—If a navigation or railroad company, engaged in transporting freight and passengers for hire, as common carriers, rents a room to a person for selling liquors and cigars, at a stipulated rent, and are to carry and board him as a part of the contract, he is not an employé, nor is he a member of the establishment, and the company is not released from liability for injuries he may sustain from the negligence of other employés of the company, but must stand by the rule applicable to passengers.

PROOF OF NEGLIGENCE OF COMMON CARRIER.—As between a passenger and a common carrier of passengers, the proof of the occurrence of an accident by which the passenger sustains injury without his fault, is *prima facie* proof of negligence on the part of the carrier.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The following is the eighth instruction referred to in the opinion:

"If you believe from the evidence that an explosion of defendants' boiler took place at their depot on the 27th day of August, 1866, and the said plaintiff, while standing on the platform of defendants, in the depot where passengers usually went, in getting on and off the cars, that the plaintiff, while in that position, was then intending to take passage on said cars, and about to step into the baggage car, where he had often and usually ridden; that there was no regulation of defendants against his going in the baggage car, and the plaintiff, while in this position, was, without his fault, injured by an explosion of defendants' boiler, then the plaintiff has made out a prima facie case, and is entitled to recover, unless the defendants have shown that the explosion of the boiler was the result of inevitable casualty, or from some cause which attentive care could not prevent."

The following are the instructions asked by defendants' counsel and refused by the Court:

"First—If the jury find from the evidence that at the time of, and long prior to, said explosion, the plaintiff was, and had been, personally engaged in keeping the bar on said defendants' boat (employed in said trade), and occupied therein in selling to passengers on the trips to and fro liquors, wines, cigars, etc., under an agreement between him and the defendants concerning the same, and under such agreement he usually ate with the officers and employés on said boat, and had a room there for his own exclusive use, besides its bar and appurtenances, then in passing to and fro on said boat and cars the plaintiff was not a passenger, in the proper legal sense of the term.

"Second—If the plaintiff, at the time of the explosion, was the barkeeper on the defendants' boat, under the circumstances referred to in the last instruction, the plaintiff was a member of the establishment, and his relations to the defendants are very different from those of a passenger.

"Third—If the plaintiff were such a member of the establishment, above referred to, he cannot recover from the defendants damages caused by the negligence of the engineer on said cars, if defendants used due care and prudence in selecting a competent person as engineer.

"Fourth—If the plaintiff was, and had for several years before been, such barkeeper on said boat, under the circumstances above referred to, then his subsequent agreement with Wells, Fargo & Co., to become their express agent, and acting as such express agent whilst continuing such barkeeper, would not change his relation to the defendants, or make him any the less a member of the establishment.

"Fifth—If the plaintiff, under an arrangement with the defendants, was, at and long prior to the explosion, engaged as barkeeper on the defendants' boat, and as such passed back and forth on the defendants' boat and cars, paying no

fare, then he took into account and assumed all the ordinary risks of the business in which he was engaged, among which must be reckoned the negligence of the workmen and employés of the defendants on their boats and cars; and for injuries by such negligence the plaintiff cannot recover.

"Sixth—If the jury cannot find from the evidence that either the defendants, the engineer, or any employé of the company, was guilty of any fault or negligence, and cannot account for the explosion, or arrive at any probable cause, they should find for defendants."

The other facts are stated in the opinion.

*S. M. Wilson*, for Appellants.

If the injury resulted from the negligence of the engineer, the defendants are not liable. This, it is respectfully submitted, results from the relation which the plaintiff bore to the defendants. He was not a passenger. He was acting with and under the defendants in one common enterprise and undertaking.

Why should defendants be compelled to pay for injuries caused by the negligence of their engineer? What principle underlies this question?

It is laid down by Blackstone, that if a servant, by his negligence, does any damage to a stranger, the master shall be answerable for his neglect. But the damage must be done while he is actually employed in the master's service; otherwise the servant shall answer for his own misbehavior. (1 Bl. Com. 431; *McManus* v. *Cricket*, 1 East. 106.)

This rule is obviously founded on the great principle of social duty, that every man, in the management of his own affairs, whether by himself or by his agents or servants, shall so conduct them as not to injure another; and if he does not, and another thereby sustains damage, he shall answer for it. If done by a servant, in the course of his employ-

ment and acting within the scope of his authority, it is considered, in contemplation of law, so far the act of the master, that the latter shall be answerable *civiliter*. But this presupposes that the parties stand to each other in the relation of strangers, between whom there is no privity; and the action in such case is an action sounding in tort. The form is trespass on the case, for the consequential damage. The maxim *respondeat superior* is adopted in that case, from general consideration of policy and security. (*Farwell* v. *Boston & Wor. R. R. Co.*, 4 Metcalf, 55.)

The same learned Judge (SHAW, C. J.) goes on to show why this principle of *respondeat superior* does not apply to a case where the parties are not strangers. Where the parties are not strangers, but occupy relations growing out of contract, there must be something express or implied in the contract to determine the question of liability. If the relation of master and servant exists, the implied contract of the servant and master is very plain: "He who engages in the employment of another, for the performance of specified duties and services, for compensation, takes upon himself the natural and ordinary risks incident to the performance of such services, and in legal presumption the compensation is adjusted accordingly. And we are not aware of any principle which should except the perils arising from the carelessness and negligence of those who are in the same employment. These are perils the servant is as likely to know, and against which he can as effectually guard, as the master. They are perils incident to the service, and which can as easily be foreseen and provided for in the rate of compensation as any other." (Page 57.) (See Sher. & Red. on Neg., p. 122; *Degg* v. *Midland R. Co.*, 1 Hurlst & Nor. 773; affirmed in *Potter* v. *Faulkner*, 1 Best & Smith, Q. B., 806; s. c., 101 Eng. C. L. 805; *Wiggett* v. *Fox*, 11 Exch. R. 836; *Abraham* v. *Reynolds*, 5 Hur. & Nor. 147.)

As to the general rule, and that in this case there was a

common employment, so as to make the general rule applicable, see Sher. & Red. on Neg. 115 et seq., 123 to 127, and cases there cited in notes; *Farwell* v. *Boston & W. R. R. Co.*, 4 Metc. 55 et seq.; *Morgan* v. *The Vale & R. Co.*, Law Rep. 1 Queen's Bench, 149; *Gilhannan* v. *Stony-Brook R. R.*, 10 Cush. 231; *Priestly* v. *Fowler*, 3 Mee. & W. 3; *Seaver* v. *Boston & M. R. R.*, 14 Gray, 467; *Indemaur* v. *Dames*, 1 Com. Pl. 283; *Turney* v. *Midland R. R.*, ib. 289; *Sweeney* v. *Old Col. & N. P. R. R.*, 10 Allen, 672; *Russell* v. *Hudson R. R.*, 17 N. Y. 134; *Haid* v. *Verm't & C. R. R.*, 32 Verm't, 473; *Com.* v. *Syracuse & Utica R. Co.*, 5 N. Y. 492; *Boldt* v. *N. Y. Cent. R. R.*, 18 ib. 432.

The fact that the agreement between plaintiff and defendant gave him the right to pass up and down on the boat and cars did not make him a passenger or prevent the application of the principle contended for.

The fact has existed in many cases to which the principle has been applied. It was a mere incident to the contract. It was no more a contract for passage than in the case of a pilot or engineer. (See *Tenney* v. *Midland R. R. Co.*, 1 Court of Common Pleas. 296; *Gilhannan* v. *The Stony Brook R. Co.*, 10 Cush. R. 228; *Russell* v. *Hudson R. Co.*, 17 N. Y. 134; *Boldt* v. *N. Y. Cent. R. Co.*, 18 N. Y. 432; *Ryan* v. *Cumberland Val. R. Co.*, 23 Penn. St. R. 384; *Seaver* v. *Boston & Maine R. Co.*, 14 Gray, 466; *Whalan* v. *Mad Riv. & R. Co.*, 8 Ohio St. R. 249.)

This is the rule as settled in most of the States of the United States, Indiana being the only exception. (See Sher. & Red. on Neg. 126.)

In no sense was the plaintiff a passenger. In cases between carrier and passenger the contract is for safe carriage, and when the passenger shows that he has not been safely carried, he throws on the carrier the *onus probandi* of showing that the accident happened from some cause other than the negligence of the carrier or his servants. In cases of

tort based on negligence, the burden of proof is on the plaintiff; but the case of passenger against carrier is an exception to the general rule for the reason mentioned. (See Sher. & Red. on Neg. 10, 11.)

*Elisha Cook*, for Respondent.

A person contracted with the defendant to repair a bridge on its track, and hired the plaintiff by the day to work for him under that contract. While thus working the plaintiff was injured by a passing train of the defendant's. Held that the defendant was liable, the plaintiff not being its servant, or in any privity with it. ( *Young* v. *N. Y. Central R. Co.*, 30 Barbour, 229; *Hunt* v. *Pennsylvania R. Co.*, 51 Penn. State Reports, 475; *White* v. *Smith*, 12 Rich. Law Reports, 595; *Smith* v. *N. Y. & Harlem R. R. Co.*, 19 N. Y. 127; *Sawyer* v. *Burlington & Rutland R. Co.*, 27 Verm. 370; *Curley* v. *Harris*, 11 Allen, 112.)

*O'Donnell* v. *The Alleghany Valley R. R. Co.*, 59 Pennsylvania State Reports, 239, was a case in which a carpenter working for a railroad company was carried on the company's cars to and from his work, as part of his contract of hiring. It was held that he was not to be esteemed to be employed in the same general service with the hands running the train or repairing the track of the road, so as to relieve the company from responsibility for injury to him from their negligence. ( *Myers* v. *Cumberland V. Railroad Co.*, 5 P. F. Smith, 247; *Stone* v. *Western Transportation Co.*, 38 N. Y. 240; *Lockhart* v. *Litchenthaber*, 52 Penn. 151.)

Where the defendant, as in this case, is bound to use the utmost vigilance and care, from the character and nature of the power which propels his cars, and the great danger attending the running of the same, particularly within the limits of a city, is the same as applied to common carriers of passengers, whether the party injured be a passenger or not, and it is only necessary for the plaintiff in the first

instance to show that he was injured, and such injury was caused by the explosion of a boiler under the control of the defendants, and that he himself was free from fault.   This establishes a prima facie case, and the defendant is then called upon to repel the same by proof of care, etc.   As in the case of *Piggott* v. *Eastern Counties Railroad Co.*, 54 Eng. Common Law R. 233, which was an action against the railroad company for firing the plaintiff's buildings by sparks emitted from the defendant's engine, the Court held the defendant liable on the ground of negligence, though the defendant proved that the engines of the company were of the best construction and of adequate power, and that, on the occasion in question, all practical care had been taken to prevent accidents by fire.   All four of the Judges sitting held, that the fact of the building being fired by sparks emitted from defendant's engine, established a prima facie case of negligence, which called upon them to show that they had adopted some precautions to guard against such accidents.   (See, also, *Haylett* v. *Philadelphia & Reading Railroad Co.*, 23 Penn. 373 ; *Hall* v. *Sacramento Valley Railroad Co.*, 14 Cal. 387 ; *Gordon* v. *Grand St. R. R. Co.*, 40 Barbour, 546 ; *Indiana R. R. Co.* v. *Munday*, 21 Ind. 48 ; *Ohio R. R. Co.* v. *Mullen*, 30 Illinois, 9.)

By the Court, NILES, J.:

The plaintiff recovered a judgment for damages for injuries received from the explosion of a boiler upon a locomotive owned by the defendants.

The appeal is taken from the judgment and from the order overruling defendants' motion for a new trial.

At the time of the injury the defendants were common carriers of freight and passengers between San Francisco and Petaluma, using steamboats between San Francisco and Rudesel's Landing, and between the latter and Petaluma a

small locomotive and train of cars.   There was no separate charge for passage; it was all one line and was under one management, the Captain of the steamboat acting as conductor on the cars.

At the date of the accident the plaintiff was keeping a bar upon the steamboat under an agreement with the defendants, he paying to them the sum of two hundred dollars per month for the privilege and use of the bar, with the use of a stateroom and such meals as he might desire upon the boat, and receiving to his own use the profits of all sales of liquors, etc.   In addition to his business as barkeeper he acted as express messenger under employment by Wells, Fargo & Co., and received from the express company for his services in that capacity fifty dollars per month.   Wells, Fargo & Co. paid to the defendants a monthly rate for carrying their packages and messenger over the route.

The plaintiff resided at Petaluma, and as he was about to enter the cars at that place, intending to make the usual daily trip to San Francisco, the boiler of the locomotive, then in charge of the defendants' engineer, exploded and caused the personal injury for which the plaintiff recovered judgment in this action.

At the close of the testimony the Court, at the request of the plaintiff, gave to the jury the following instructions:

"First—If the jury believe from the evidence that the defendants were engaged in the transportation of passengers from San Francisco to Petaluma, and from Petaluma to San Francisco, before and during the month of August, A. D. 1866; that during this same period of time the plaintiff rented at a monthly or other rental of defendants a bar on the steamer of the defendants, and traveled thereon to tend the same; that said steamer, during said period, ran on said route from San Francisco to a landing on the Petaluma Creek, from whence the passengers so transported were by

defendants conveyed to the Town of Petaluma, by cars propelled by steam, and from the Town of Petaluma to said landing by means of said cars; that for said rental of said bar it was understood and agreed as part of the consideration for the rental agreed to be paid by the plaintiff to the defendants, that the plaintiff should be transported on said route by said cars and steamer, without other or further charge; that on the 27th day of August, 1866, the said plaintiff came to said cars at the depot thereof at Petaluma, for the purpose of going to said steamer, and by and on said steamer to San Francisco, in attendance of said bar; that he was standing in the depot on the platform of defendants, usually occupied by passengers who were departing or arriving by said cars, for the purpose of getting on said cars, when the boiler of the locomotive attached to said cars blew up through the carelessness or negligence of the engineer of defendants, who was in charge of said locomotive, and the plaintiff was injured thereby (he, the plaintiff, not being guilty of any negligence contributing to his injury), the plaintiff is entitled to recover.

"Second—If the jury believe from the evidence that the defendants were engaged in the transportation of passengers from San Francisco to Petaluma, and from Petaluma to San Francisco, before and during the month of August, A. D. 1866; that during the same periods of time Wells, Fargo & Co. employed the plaintiff to carry their express matter between said places, and paid the defendants to transport said express matter for a certain sum of money per month; and said plaintiff and said defendant entered upon said arrangement, and were engaged in the same during said period of time, and that it was understood and agreed between said defendants and Wells, Fargo & Co. that the plaintiff, as their messenger, should be transported with their said express matter from San Francisco to Petaluma, and from Petaluma to San Francisco, during said period of time; that the de-

fendants made such transportation by cars propelled by steam, and a steamer; that said cars started from the Town of Petaluma; that while thus engaged the plaintiff, during said period of time, came to said cars, at the depot thereof, for the purpose of going to San Francisco; that he was standing on the platform of said defendants, near said cars, for the purpose of stepping into a car of defendants (and that said platform was usually used by passengers departing or arriving by said cars), when the boiler of the locomotive attached to said cars exploded, through the negligence or carelessness of the engineer employed by the defendants, who was then in charge of said locomotive, and the plaintiff was injured thereby (the plaintiff not being guilty of any negligence which contributed to his injury), then the plaintiff is entitled to recover damages for such injury."

The defendants excepted to these instructions, and contend that the case is within the reason of the rule that an employer is not responsible to his employé for injuries resulting from the negligence, carelessness, or unskillfulness of a fellow employé engaged in the same general business.

The rule itself cannot be questioned. It has been settled by a uniform series of both English and American decisions. The question comes upon the application of the principle to the present case.

The reason usually given in the cases for the rule, as we have stated it, is that a servant, in bargaining with his employer, is presumed to know the ordinary risks of the business in which he is to engage, and can obtain a compensation in accordance with the risks, or at his option decline the employment. Among the ordinary perils of the service are those arising from the carelessness or negligence of colaborers, and they are presumed to be provided for in the bargain which he makes. He assumes the risk as a part of his con-

tract of service. The duty of the employer in this regard extends no further than to the use of due care and prudence in the selection of competent servants in the several departments of the business. (*Farwell* v. *Boston and Worcester Railroad Co.*, 4 Met. 49; *Albro* v. *Agawam Canal Co.*, 6 Cush. 77; *Ryan* v. *Cumberland Valley Railroad Co.*, 23 Penn. St. 385; *Russell* v. *Hudson River Railroad Co.*, 17 N. Y. 137; *Hard* v. *Vermont, etc., Railroad Co.*, 32 Vt., 477; Sher. & Red. on Neg., Secs. 86, 88, 90, and cases cited.)

The doctrine of these cases is not based wholly or mainly upon the theory that the employé is presumed to know the nature of the risk.

In the case of *Abraham* v. *Reynolds*, 5 Hurlst. & Nor. 147, cited by the appellant, it was suggested by Chief Baron POLLOCK that the test in such cases was whether the party injured, knowing the risk, incurred it voluntarily; and, as an illustration of the principle, said that a guest at a house was in the same position as a servant, because he had the same means of judging the character of the house in which he was.

We do not think that the test suggested by the learned Judge is sufficient. An ordinary passenger acquainted with the structure or management of steam engines might know that the boiler upon a steamboat or locomotive was unsafe, or might observe that the engineer was careless or incompetent, and yet be willing, from motives of necessity or interest, to encounter the risk of travel. Yet this knowledge upon his part would not absolve the carrier of passengers from liability for damages for injuries received by the passenger from the negligence of the engineer, or insufficiency of the boiler.

The colaborer cannot recover in such a case, because he knowingly entered into a contract, from which the law implies an assumption by him of these very risks.

We do not think the present case comes within the letter

or reason of the rule.  As messenger for Wells, Fargo & Co., merely, it is not contended that the plaintiff would not have occupied the position of an ordinary passenger.  As bar-keeper, he was in no sense an employé of the defendants. He was a lessee, for a monthly rent, of an apartment upon their boat, which he occupied for purposes of trade.  His transportation over the route was a part of the consideration for the monthly payment.  The defendants had no interest in the receipts of his business, and could not hold him accountable for its proper conduct.  The parties were in no sense members of the same establishment for one common purpose.  The vending of liquors and cigars to passengers was no part of the business in which the transportation company were engaged.  The case would have been the same if the plaintiff had leased an apartment upon the boat for any other species of trade.  If a cigar vender should rent and occupy, for the purposes of his trade, a corner of a merchant's store, and an explosion should occur through the negligence of the merchant's clerk, it would not be contended that the merchant would not be responsible in damages to the cigar vender for personal injuries resulting from the accident.  The fact that the place of trade was upon a steamboat can make no difference in the application of the principle.

Grave objections have been made to the rule which relieves a master from liability for damages incurred by the negligence of a fellow-servant.  While the rule is too firmly supported by authority to be overthrown, we are unwilling to extend it beyond the limits designated by the general line of decisions.

We think that the plaintiff in the hypothetical case stated in the instructions was entitled to the privileges and remedies of an ordinary passenger.

It follows, that the Court did not err in giving these

instructions, or in refusing those asked by the defendants in opposition to them.

There was no error in the eighth instruction, given at the request of the plaintiff. It premises that the jury must be satisfied from the evidence that the plaintiff, at the time the explosion occurred, was standing upon the platform, intending to take passage on the cars, and about to step into the car; and then directs the application of the well-settled principle, that as between a passenger and a common carrier of passengers, the proof of the occurrence of an accident, without fault of the passenger, is prima facie proof of negligence on the part of the carrier. (*Boyce* v. *Cal. Stage Co.*, 25 Cal. 467; *Ficken* v. *Jones*, 28 Cal. 627.)

It was a contested issue whether the plaintiff was or was not a passenger, and the jury were required substantially to find this issue in favor of the plaintiff, before applying the principle of law embodied in the instruction.

Third—The sixth instruction asked by the defendants was substantially given in the charge of the Court, and a repetition of it could not benefit the defendants.

We see nothing in the other points made by the defendants which requires special notice. The record discloses no error which calls for a reversal.

Judgment and order affirmed.