### JOHN R. ROY, RESPONDENT, *v.* F. C. HORSLEY, APPELLANT.

JURISDICTION—TESTIMONY MAY BE TAKEN BY A PERSON APPOINTED FOR
THAT PURPOSE, AND CAUSE SUBMITTED IN VACATION, IF PARTIES SO
STIPULATED.—The parties after issue joined stipulated that the trial of
the issues by a jury should be waived, that the evidence should be taken
in writing before a referee and the case submitted to the judge for his
decision at chambers. The evidence was so taken and submitted, and
the court, having heard the evidence at chambers, finally decided the
case and entered judgment in term: *Held,* that the judgment was not
void for want of jurisdiction.

APPEAL from Grant County.

The facts are stated in the opinion.

*James K. Kelly,* for appellant.

*W. B. Laswell, L. O. Sterns, and Bonham & Ramsey,* for
respondent.

By the Court, WATSON, J.:

At the September term, 1876, of the court below, the
issues having been made up in this cause, the court below
made and caused to be entered in the journal the following
order: "And it appearing to the court that this was an
action based upon mutual accounts, and from its nature
improper to be submitted to a jury, it was ordered by the
consent of the counsel that the testimony be taken before
Phil. Metchan, clerk of this court, as referee, commencing
on or before the first day of March, 1877, and that the
testimony when taken be submitted to the judge of this
court at chambers, the decision and judgment to be there-
upon rendered and entered in the journal, enforced as of
term time."

At the June term, 1877, the court made and caused to be entered in the journal the following order: "John R. Roy *v.* F. C. Horsley—It is hereby ordered that the clerk of this court transmit the testimony in this case to the judge of this court, at chambers, at the Dalles, Oregon, so that the same shall reach the said place on the thirtieth day of June, 1877; and further, that between this date and the day of the transmission of the testimony he fix and appoint such times and places as in his judgment may seem proper for the examination or cross-examination of such witnesses as either party may desire to examine, and that he notify the counsel for the respective parties thereof to the end that this cause may be submitted without further delay."

At the September term, 1877, on the first day of the term, the judge filed his decision, dated the same day, and thereupon a judgment was rendered and entered in the journal in favor of the plaintiff and against the defendant, for the sum of two thousand four hundred and sixty-two dollars and sixty-four cents, in accordance with said decision. From that judgment this appeal is taken. The judgment contains the following recitals before the findings upon which it is founded. This cause came on to be heard at the regular September term, 1876, the plaintiff appearing by W. B. Laswell and L. O. Sterns of counsel, and the defendant by C. W. Parrish and M. L. Olmstead of counsel, and the case being one in which the examination of a large number of accounts was necessary, the counsel for the respective parties expressly waived the right of trial by jury and consented that a referee be appointed by the court to take the testimony, and that the case be submitted to the judge in chambers, upon the completion of the taking thereof. Therefore the court appointed Phil. Metchan, esq., sole referee to take the testimony and report the same as aforesaid, and the said referee duly proceeded to take, and did take, the testimony and reported the same on June 30, 1877, at which time counsel submitted written arguments and briefs. Thereupon the same was taken under advisement, and the decision thereon reserved until this day, and now being fully advised as to all questions of fact

and of law arising upon the record and the arguments submitted, the court finds the following conclusions of fact:

The transcript further discloses that on the seventh judicial day of the same term on motion of defendant the time for filing a bill of exceptions was extended thirty days, but it does not appear that it was ever presented or filed. The following are the assignments of error in the notice of appeal:

1. That the said court or judge erred in receiving and considering the pretended report of Phil. Metchan, made June 30, 1877, as the report of the referee in said case, for the reason that on the date of the making of the said report the said Metchan was not referee. It appearing from the record of said case that the power of the referee appointed by the court ceased March 1, 1877, and that during his said authority the referee in this case made no report as required by the order of said court and by law.

2. The court erred in proceeding to make up its findings of facts in this case from the said pretended report of the said Phil. Metchan before said report had been filed in said circuit court according to law. That said proceeding, to make up its findings prior to said filing was to the injury of a substantial right of the defendant in this: It deprived the defendant of his right to make objections to said report, which under the statute cannot be made until after the filing of said report. It appearing from the records of said case that said report never has been filed in said court or in said case.

3. The court erred in proceeding to make its findings of the law in this case upon the said pretended unfiled report of the said Phil. Metchan, for the reason and with the effect stated above.

4. The court, by its findings in said case, determined erroneously that "the defendant undertook and promised to pay plaintiff wages at the rate of one hundred dollars per month, together with board and lodging." This being a finding of a special agreement to pay a certain fixed sum per month, a special contract, when the pleadings only set up an implied

contract as to price and value of services, *i. e.* upon *quantum meruit.*

5. The court erred in finding that the plaintiff is entitled to recover of and from defendant the full sum of two thousand four hundred and sixty-two dollars and sixty-four cents, together with costs and disbursements against defendant, for the reason that there is no evidence or testimony on file, and the records show none was taken orally in said case to sustain said finding. The records show that the only testimony in the case being that forwarded to said judge at chambers by Phil. Metchan, under date of June 23, 1877, long after his power as referee in said case had expired.

The first, second, third and fourth assignments of error are based on the theory, urged by counsel for appellant, that this was a trial or attempted trial before a referee, as provided for by title 6 of chapter 2 of the code of civil procedure.

Were this theory the correct one, the objections to the judgment of the court below urged would be well taken. It would have been necessary for the referee to make and file his report, stating separately his conclusions of law and fact, and on motion of either party the court should have set aside the report, or have confirmed the same and rendered judgment accordingly. (Civil Code, sec. 224.) The referee neither made nor filed a report as required by this section. But we do not think this was a trial by a referee. We are of the opinion that the journal entries in the transcript show that the parties in open court waived a trial by a jury, and consented to try the cause before the court. They also stipulated that the evidence should be taken before a referee and submitted to the court or judge thereof at chambers. The trial then was a trial by the court in accordance with title 5 of chapter 2 of the code of civil procedure. It is claimed, by counsel for appellant that even if this were a trial by the court, the judgment is erroneous, because the evidence was taken before a referee and submitted to the court in writing and was not taken orally, as provided by section 217 of the code, which provides

that the order of proceedings on a trial by the court shall be the same as provided in trials by jury. We think the parties had the right to insist that the evidence should be taken and heard orally, but we are of the further opinion that they could waive this right. In civil cases there are but few exceptions to the rule that a party may renounce a benefit or waive a privilege which the law has conferred upon him. In this case they expressly agreed to take the evidence in writing. The maxim *consensus tollit errorem* applies to all errors in civil trial, except those which go to the jurisdiction of the court. (Broom's Leg. Max. 135.)

It is also urged by counsel that the stipulation provided for a trial by the judge at chambers and that the parties cannot by consent provide for such a trial. It is not necessary for us, in this opinion, to pass upon the question whether they could provide for a trial and judgment in vacation. The record in this case shows that the trial was in fact concluded and the decision made and filed, and the judgment rendered and entered in the term of the court. No objection seems to have been made, and the assignment of errors in the notice of appeal does not show that any objection was made to this mode of trial.

It cannot be said that the judgment was without jurisdiction. The court was in session; it had jurisdiction of the subject-matter and of the parties; it was authorized to try the action. We have carefully examined the authorities cited by counsel for appellant, and while they fully sustain the principle contended for by counsel, we do not regard that principle as applicable to this case. The case of *Wicks* v. *Ludwig*, 9 Cal. 173, decides that no trial could be had at that time in that state, or judgment rendered except in term time. In this state a judgment may be rendered in vacation, but as in this case the trial was concluded and judgment rendered in term time, the cases are not parallel.

The case of *Norwood* v. *Kenfield*, 34 Cal. 329, turned on the validity of an order made by a county judge at chambers granting a continuance of a cause to determine an election contest, which was pending for trial and set down for trial at a future day in the county court, and upon the

question whether or not a trial could be had and judgment
be rendered in vacation.   As in the case at bar, the judg-
ment complained of was rendered in term, the authority is
not in point.

The case of *Bates* v. *Gage*, 40 Cal. 183, merely decides
that consent of parties cannot confer jurisdiction upon a
tribunal assuming to be a court.   In *Ex parte Bennett*, 44
Cal. 83, both the trial and judgment of the court were in
vacation pursuant to a stipulation of parties.   Bennett dis-
obeyed the decree and when arrested for contempt for his
disobedience, applied to be discharged upon writ of *habeas
corpus* upon the general ground that the decree was ren-
dered without jurisdiction and was void.   The court denied
the application and remanded the prisoner, holding that the
court had jurisdiction of the parties and the subject-matter,
and that it could enter judgment either in term time or
vacation.   This was the only question before the court.
None of the *dicta* in the decision sustain the theory of ap-
pellant.

The only theory upon which the appellant can claim a
reversal of the judgment is that it was rendered without
jurisdiction and is void.   Appellant waived all objections
to the form of the trial or manner of taking the evidence,
either by his express assent in open court or by not making
his objections at the proper time.   Parties cannot speculate
upon the decisions of the courts by passing over irregulari-
ties and taking their chances upon a judgment in their
favor, and thereafter, if the judgment shall be adverse to
them, raise those objections.   The commencement of the
trial in this case in vacation, not being fatal to the jurisdic-
tion of the court, if appellant desired to object to the court's
rendering a judgment without a further hearing they should
have done so at the time.

There is another sufficient reason why we cannot consider
the objections made by counsel for appellant orally in argu-
ment before this court to the trial below as having taken
place in vacation.   It is not contained in any of the assign-
ments of error in the notice of appeal.   This court has
heretofore decided that it will not consider any errors which

are not set forth in the notice of appeal. (*Dolph* v. *Nickum*, 2 Or. 202; Civ. Code, secs. 527, 534.)

We do not think the fourth assignment of error is well taken. The complaint alleges that "between the eleventh day of October, 1869, and the twentieth day of May, 1873, in Grant county, Oregon, at the special instance and request of defendant, plaintiff performed work and labor for debt," etc. "That defendant undertook, promised and agreed to pay plaintiff the value of said work and labor as set forth in said bill of items to wit: the sum of one hundred dollars per month with board and lodging for plaintiff for said time."

The finding of the court complained of is almost in the very words of the allegation of the promise to pay in the complaint. There is certainly no substantial variance between the allegations and the proof in this respect. It is not claimed that defendant was misled by any such variance. (Civ. Code, sec. 94.)

It follows that there is no error in the proceedings of the court below, and the judgment must be affirmed.