Day, J.
This law suit was brought and is maintained to obtain an order of the court requiring defendants to specifically perform their contracts to buy plaintiff’s 20 acres of land, and pay him therefor $850.00, in payments as follows: $300.00 on the 23d day of January, 1899; $300.00 January 23, 1900, and $250.00 January 23, 1901; to execute to him, as evidence *805 of the debt; their several promissory notes for the amounts and due at the dates indicated, and secure their payment- when due, by a first mortgage on the said 20 acres and a second mortgage on 73 acres of land now owned by defendants. That a contract to-this effect was entered into by plaintiff and defendants, is alleged in the petition of plaintiff. It is also alleged in the petition that such contract was duly put in writing and signed by the parties. That plaintiff has duly performed all the conditions of said contract to be by him performed, has executed a proper deed for the 20 acres, conveying a legal title in fee — including the dower interest of his mother, as widow of his father, from whom the estate came by inheritance — and tendered the same to defendants, and demanded that they perform the contract on their part, by executing to him their notes and mortgage for the purchase price, in accordance with the terms of the said contract, which demand defendants have omitted and refused to comply with. The prayer is for specific performance.
The defendants join issue, denying generally all the averments of the petition; and pleading further, and as a reason why specific performance should not be decreed, say, in substance, that they signed the contract set up in the petition, but were overreached and overpersuaded by plaintiff, who, by making false statements as to the purport of the same, deceived and induced defendants to sign it; that defendant, Adam Roth, was feeble in mind and body from illness and unable to cope with plaintiff, and was dominated by him and misled into signing the said contract; and that plaintiff did not have a complete and perfect title in fee to the land.
A reply denies the substantive affirmative allegations of the answer, and the issues thus joined were submitted on the pleadings and evidence.
The evidence shows that the parties ex'ecuted the contract upon which the action is based, and the terms and conditions of the contract are, in substance, as set out in the petition. That plaintiff, with his wife and mother, executed a proper conveyance of the 20 acres to defendant, Adam Roth, and tendered it to him and requested him to execute the notes and mortgages provided in the said contract, which defendants refused to do. The evidence also shows that the 20 acres came to plaintiff by descent from his father, and that the mother of plaintff owns a dower estate therein — dower consummate but not assigned and set off to her. It also shows that Roth is largely-indebted, is an ignorant, unsophisticated .man — smart enough, perhaps, in German, but not well learned in the English or American way of doing things, and his natural powers of body and mind, while not originally the most robust and strong, were weakened and much deteriorated by reason of ill health; and that the plaintiff is a shrewd, energetic, eager, business man, persistent in his purposes and dominating in his processes and methods. The land is fully worth in cash §850.00, and to enforce, specifically, the contract, would not only, not specially benefit plaintiff, but would seriously involve defendants in debt, beyond their ability to extricate themselves, and would inevitably result in their financial ruin and bankruptcy.
On this state of facts our problem is: Ought the court to decree specific performance of this contract as prayed by plaintiff?
The remedy of specific performance is not an absolute one, but is, in every instance, discretionary with the court in which the remedy is sought, and ought never to be enforced, unless required by considerations of the clearest equity, or, unless not to enforce it would be inequitable. The supreme court of this state, very early in its history, laid down the rule: “Specific performance is discretionary with the court, and may be refused if unfair, leaving the parties to their legal remedies.” Wright’s Reports, 105. See also State v. Baum’s Heirs, 6 O., 383, where *806 it is said: “Specific performance will often be refused of contracts which equity would not rescind.” This ruling has been adhered to in every instance, and has been recognized and again stated as late as the case of Tiffin v. Shawhan, 43 O. S., 178, where it is said: “No fixed rule_ applies in such cases, but each case depends on its own facts and equities.” In that same case, 3d syllabus, the following language is employed: “If specific performance of such a contract would be harsh, oppressive, or inequitable in its consequences, or would leave the purchaser with a doubtful cr unmarketable title, the court in the exercise of its discretion, will refuse to decree its performance.”
Finch & Dewey, Attorneys for Plaintiff.
Richards & Heffner, Attorneys for Defendant.
As we have seen, plaintiff, when the contract was entered into, did not own the entire estate; his mother having an unassignqd dower estate, therein, and therefore, to that extent, there was an absence or lack of mutuality between the contracting parties. The defendants could not compel Mrs. Hughes to convey to them her dower estate, and plaintiff did not have the legal power to become the sole owner, or to convey the complete estate to the defendants. True, plaintiff tendered a deed, properly executed and signed by his mother, in which she granted all her interest, but that we think does not cure the matter by putting into the written contract, which is sought to be specifically enforced, the essential element of mutuality, and this alone would defeat plaintiff’s right to a decree.
To require Roth to add the sum of $850.00 to his already large indebtedness, and secure the debt by a second mortgage on his homestead, would we think be most harst and oppressive to him, and not only inequitable, but calamitous in its consequences.
These parties were not on an equal footing- — -were not standing on .an equality and dealing at arm’s-length with each other, but quite the contrary. The plaintiff was shrewd, keen and masterful; the defendant weak, obtuse and easily influenced and controlled. The one was dominating- — the other dominated. The contract was not fair and free, and was obtained by means that a court of equity will not recognize by enforcing the contract so made.
Other reasons there are that might be stated as a basis justifying the action of the court, but these must suffice. We deem them sufficient to justify the conclusion reached in this case, which is, a finding for defendants. The prayer of the petition is denied and the petitition dismissed.